UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS JESUS COLINA-MEIRA (A-243-135-175),

Petitioner,

v.

TODD LYONS, et al.,

Respondents.

No. 1:25-cv-1716 CSK

ORDER RE: ATTORNEY'S FEES

(ECF No. 20)

Petitioner Carlos Jesus Colina-Meira's (A-243-135-175), an asylum seeker from Venezuela and formerly a federal immigration detainee, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Petitioner's post-judgment motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 20.) For the reasons that follow, the Court denies Petitioner's motion.

## I. BACKGROUND

The Court incorporates the factual and procedural background provided in the Court's prior orders. On December 31, 2025, the Court granted the habeas petition, finding that Petitioner was entitled to relief on his due process and statutory claims and ordering that Petitioner be released immediately. 12/31/2025 Order (ECF No. 17). On January 2, 2026, the parties filed a Joint Status Report stating that Petitioner was released from U.S. Immigration and Customs

Enforcement ("ICE") custody on December 31, 2025 evening. Judgment was entered January 16, 2026. (ECF No. 19.)

On February 17, 2026, Petitioner filed a motion for EAJA attorney's fees. (ECF No. 20.) Respondents initially filed a motion to stay Petitioner's motion, which the Court denied. (ECF Nos. 21, 24.) Respondents then filed their opposition to the motion for attorney's fees and Petitioner filed his reply. (ECF Nos. 25, 26.) Briefing is complete.

## II. DISCUSSION

Petitioner argues that he is entitled to attorney's fees under EAJA because immigration habeas petitions are "civil actions"; Petitioner was the prevailing party; Respondents' position was not substantially justified; and the fees sought are reasonable. (See ECF No. 20 at 2-4; ECF No. 26.) Respondents argue that the EAJA does not waive the government's sovereign immunity for immigration habeas cases, which are not "civil actions" for EAJA purposes; the government's position was substantially justified; and the fees sought are not reasonable and if the motion is granted, should be reduced. (See ECF No. 25.)

### A. Legal Standards

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." Carbonell v. I.N.S., 429 F.3d 894, 897-98 (9th Cir. 2005). Under the Equal Access to Justice Act, Congress has created an exception to the American rule by shifting fees to authorize prevailing parties other than the United States "in any civil action (other than cases sounding in tort)" against the United States to recover fees and other expenses. Id. at 898; 28 U.S.C. § 2412(d)(1)(A). Under EAJA's fee shifting provision, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A). To award attorneys' fees under the EAJA, "(1) the party seeking fees must be a prevailing party, (2) the government's position must not have been substantially justified," "(3) there must not be special circumstances rendering an award unjust," and (4) the fee request must be submitted within 30 days of final judgment in the action and be supported by an itemized statement. Meza-Vazquez v. Garland, 993 F.3d 726, 728 (9th Cir.

2021) (citing 28 U.S.C. § 2412(d)(1)(A)); see Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990) (citing 28 U.S.C. § 2412(d)(1)(B)). The EAJA also includes eligibility requirements for the prevailing party. 28 U.S.C. § 2412(d)(1)(B).

**B. Analysis**

Respondents agree that Petitioner was the prevailing party and there are no special circumstances that make an award unjust. (ECF No. 25 at 12 n.3.) Further, Respondents do not dispute Petitioner's eligibility to seek fees under the EAJA or the timeliness of the motion. (See ECF No. 25; see also Declaration of Sarah S. Brooks ¶ 2 (Petitioner's eligibility) (ECF No. 20-1).) Respondents oppose Petitioner's motion for attorney's fees and costs on three grounds: (1) the EAJA does not apply here because the underlying habeas corpus proceeding is not a "civil action"; (2) the government's position was substantially justified; and (3) Petitioner requested fees that are excessive, duplicative, or inadequately supported. (See ECF No. 25.) The Court therefore limits its analysis to the issues in dispute.

1. Civil Action

The EAJA's fee shifting provision applies to "any civil action (other than cases sounding in tort)" brought by or against the United States. 28 U.S.C. § 2412(d)(1)(A). Respondents argue that the underlying habeas petition is not a "civil action." There is a circuit split as to whether habeas petitions challenging immigration detention are "civil actions" for EAJA purposes, and the Supreme Court recently granted certiorari on this issue. See Palacios v. Liggins, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026). The Second, Third, and Tenth Circuits have held that such petitions are civil actions for EAJA fee purposes, while the Fourth and Fifth Circuits have held that they are not civil actions. Compare Michelin v. Warden Moshannon Valley Correctional Center, 169 F.4th 418, 424 (3d Cir. 2026) (habeas petitions challenging immigration detention are civil actions for EAJA purposes); Daley v. Ceja, 158 F.4th 1152 (10th Cir. 2025) (same); Vacchio v. Ashcroft, 404 F.3d 663, 670-72 (2d Cir. 2005) (same); with Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023), cert denied 144 S. Ct. 553 (Jan. 8, 2024) (habeas petitions challenging immigration detention are not civil actions for EAJA purposes); Obando-Seguro v. Garland, 999 F.3d 190, 195-97 (4th Cir. 2021) (same).

Courts in this district and other district courts in the Ninth Circuit have concluded that habeas petitions challenging immigration detention are "civil actions" for EAJA purposes. See Doe v. Chestnut, No. 1:25-CV-01372-CDB, 2026 WL 1459808, at *2 (E.D. Cal. May 25, 2026); S.F. v. Bostock, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *2-3 (D. Or. May 5, 2026). In addition, though the Ninth Circuit has not directly addressed whether habeas petitions challenging immigration detention are civil actions for EAJA purposes, it has held that habeas challenges to certain immigration proceedings are civil actions for EAJA purposes. See In re Hill, 775 F.2d 1037, 1040-41 (9th Cir. 1985) (habeas petition by noncitizen challenging his exclusion was a civil action for EAJA purposes). The Ninth Circuit has also approved EAJA fees in immigration habeas actions challenging detention without directly addressing the issue. See, e.g., Nadarajah v. Holder, 569 F.3d 906 (9th Cir. 2009) (order approving Appellate Commissioner's award of EAJA fees for habeas petition challenging denial of parole to noncitizen in immigration detention). Based on the Ninth Circuit's approach in a related context in In re Hill and approval of EAJA fees in the same context in cases like Nadarajah v. Holder, and the analysis of the Second Circuit, Second Circuit, Third Circuit, Tenth Circuit, and other similar courts, this Court also concludes that habeas petitions challenging immigration detention are civil actions for purposes of the EAJA's fee shifting provision.

2. Substantial Justification

Respondents next argue that fees should not be awarded because the government's position was substantially justified. The government bears the burden of showing that its position was substantially justified.[1] Ibrahim v. U.S. Dep't of Homeland Security, 912 F.3d 1147, 1167-68 (9th Cir. 2019) (en banc). "To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree'—indeed, since the movant is established as a prevailing party it could never do so—but only that its position is one that 'a

[1] Courts have granted EAJA fee requests in other habeas cases challenging immigration detention where the government failed to meet its burden where it did not oppose the EAJA request. See, e.g., Veronica V.O. v. Noem, et al., No. 1:25-CV-1796-TLN-JDP, 2026 WL 2169089, at *2 (E.D. Cal. July 28, 2026). Unlike Veronica V.O., the government has submitted a thorough response to the instant EAJA motion.

reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact.'" Id. at 1167-68 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 566 n.2 (1988)). The Supreme Court has made clear that in evaluating the substantial justification element, the court should make a "single finding" as to the government's position, "treating a case as an inclusive whole, rather than as atomized line-items," rather than making separate findings as to substantial justification at different stages. Jean, 496 U.S. at 159-62; see Ibrahim, 912 F.3d at 1168-69 (rejecting district court's "piecemeal approach" to evaluating substantial justification). The government's position "may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions." Jean, 496 U.S. at 159.

Here, the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split. Petitioner is correct that the majority of federal courts to encounter the statutory and due process issues presented in this action have ruled against the government. See Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025). In addition, after the instant attorney's fees motion was briefed, the Ninth Circuit recently decided the statutory issue in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. July 30, 2026), also ruling against the government and concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of [8 U.S.C.] § 1226, not § 1225(b)(2)(A)." Id. at 1165.

This does not mean, however, that the government's position was not substantially justified for EAJA purposes. Though it is the minority approach, other courts in this district, other district courts, and other circuit courts agree with the government's position that noncitizens such as Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). See, e.g.,

Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); J.E.P.M. v. Wofford, et al., No. 1:26-cv-0316 WBS-CKD, 1/16/2026 Order and 4/17/2026 Order (E.D. Cal.) (ECF Nos. 6, 16). As even the courts in the minority approach have acknowledged, the government's 2025 change in position led to the detention of noncitizens and the filing of thousands of habeas petitions like Petitioner's challenging their immigration detention.[2] See, e.g., Buenrostro-Mendez, 166 F.4th at 500.

The Court first notes that the government's position in this case is similar to the position it has taken in other similar habeas actions challenging immigration detention. In addition, the government's prelitigation conduct in detaining Petitioner when he reported to ICE is tied to its litigation position that noncitizens such as Petitioner are subject to mandatory detention under § 1225(b). Even before the Ninth Circuit's recent decision in Rodriguez Vazquez v. Bostock, this Court made clear its disagreement with the government's position in this case and the minority approach followed by Avila v. Bondi, Buenrostro-Mendez v. Bondi, and other similar courts, as Respondents acknowledge. (See ECF No. 17; ECF No. 25 at 13 n.4).

Despite this Court and the majority of federal courts' disagreement with the government's position in this case and other similar cases, multiple other judges across different courts have agreed with the government's position as described above, albeit the minority approach. This meets the substantial justification standard because where multiple other judges across different courts have agreed with the government's position in similar cases and the government has taken the same position in this case, this establishes that the government's position in this case "is one that a reasonable person could think it correct." See Ibrahim, 912 F.3d at 1167-68 (internal quotation marks omitted). In addition, the Court has not identified other potential factors that could warrant finding that the government's position was not substantially justified in this case.[3]

---

[2] Until the U.S. Department of Homeland Security ("DHS") changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

[3] Besides arguing that the government's position was contrary to other decisions in this district, Petitioner also has not identified other reasons why the government's position was not substantially justified in this case. (See ECF No. 20 at 4; ECF No. 26 at 3-4.)

For example, the government did not fail to meet its burden on this motion as it did in Veronica V.O., 2026 WL 2169089. During the merits stage in this case, the government also acknowledged legal authority contrary to its position. (See ECF No. 12 at 3 n.1.) The government also promptly complied with this Court's order to release Petitioner. (See ECF No. 18.) Though the Court disagrees with the government's position in this case as demonstrated by the Court's ruling on the merits, the Court concludes that the government's position in this case was substantially justified for EAJA purposes and denies Petitioner's motion for attorney's fees pursuant to the EAJA. The Court therefore declines to consider Respondents' remaining arguments challenging the EAJA motion.

## III. CONCLUSION

The Court expresses its thanks to Petitioner's pro bono counsel and other pro bono counsel who have provided an important service by representing litigants in significant matters such as this habeas petition challenging immigration detention and countless others, many of which petitions have been found to be meritorious and warranting relief. The Court's decision on this EAJA request is not a reflection of the important work and contributions provided by pro bono counsel such as Petitioner's counsel in this action. This Court's decision on this EAJA request also should not be interpreted as condoning or supporting the position the government has taken in this case or in other similar cases as reflected in this Court's decision on the merits of this case and in other similar cases. The issues presented in this underlying habeas petition challenging immigration detention and in this EAJA request are complex, as demonstrated by the circuit split and the Supreme Court's recent grant of certiorari on one such EAJA question, and this Court respectfully recognizes that other courts have reached different conclusions.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for attorney's fees (ECF No. 20) is denied.

Dated: September 01, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/meir1716.25.EAJA